Marc Levinson
California State Bar No. 249322
marc_levinson@fd.org
Jessica Oliva
California State Bar No. 312435
jessica_oliva@fd.org
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467

Attorneys for Defendant, Shantal Hernandez

United States District Court, Southern District of California
(The Honorable James E. Simmons, Jr.)

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>        v.<br><br>Shantal Hernandez,<br><br>                    Defendant. | Case No.: 3:23-cr-1821-JES<br><br>**Defendant's Supplemental Motion to Compel Discovery**<br><br>Motion hearing: April 8, 2025, at 1:30 pm |

The Defense asks this Court to order the government to turn over the following discovery:

1. Ms. Hernandez's employee/HR file with Information Systems and Networks Corporation ("ISN");

2. All complaints/grievances (and supporting documents) filed by detainees over which Ms. Hernandez had jurisdiction to respond during her time working at Otay Mesa Detention Center ("OMDC");

3. The entire Detention File maintained by OMDC for IKN, the material witness (including all complaints/grievances he submitted to OIDO regarding conditions of confinement);

4. IKN's entire California Department of Corrections and Rehabilitation ("CDCR") file;

5. The names, job titles and contact information for all individuals with supervisory authority over Ms. Hernandez while she worked at OMDC;

6. All documentation (emails, reports, disciplinary action, etc.) relating to Ms. Hernandez's claim that she was sexually harassed by OMDC employees in February 2023 as documented in emails to Lawrence Kay (and others);

7. A list of all training materials provided to anyone who performed the same or similar job as Ms. Hernandez at OMDC; and

8. All emails, memos, reports, etc. regarding working conditions sent to Ms. Hernandez and anyone else who performed the same or similar job as Ms. Hernandez at OMDC. This should include directives as to what, when, where, how they were to perform their job while at OMDC.

# I.
# PROCEDURAL HISTORY

ICE arrested Ms. Hernandez in August 2023 based on a 2-count complaint alleging she sexually abused an ICE detainee at OMDC in violation of 18 U.S.C. § 2243(b). She spent a week in jail before being released on bond. The Government later indicted her on the same charges.

The Defense's prior discovery motion (CM/ECF #28), incorporated by reference hereto, provided points and authorities regarding the government's statutory and constitutional obligations to provide discovery to the defense.

Ms. Hernandez's trial is set for May 19, 2025. Motions in limine are set to be heard on May 5, 2025.

# II.
# STATEMENT OF FACTS

Information Systems and Networks Corporation ("ISN") is a federal staffing agency. They hired Ms. Hernandez to be an Immigration Detention Case Manager ("IDCM") at OMDC and other immigration detention facilities. An IDCM visits immigration detention centers to investigate and resolve inmate complaints regarding conditions of their detention.

IKN was an immigration detainee at OMDC when Ms. Hernandez was an ICDM there.  He lodged numerous complaints about the conditions of his detention.  Ms. Hernandez, and the other IDCM assigned to OMDC, were responsible for responding to IKN's and other detainees' complaints.    The government alleges that Ms. Hernandez and IKN had sexual contact with each other while he was an inmate at OMDC.

To convict Ms. Hernandez, the government must prove that IKN was Ms. Hernandez's "ward."  He was her ward if she had "custodial, supervisory, or disciplinary authority" ("C-S-D authority") over IKN when they had sexual contact.  See, 18 U.S.C.A. § 2243(b)(2).  Most people charged with this crime are corrections officers whose authority in that regard is unquestioned. Ms. Hernandez's due process right to defend against the government's expansive interpretation of this statute entitles her to the discovery items listed below.

### III.
### MS. HERNANDEZ'S DISCOVERY REQUESTS

**1.  Ms. Hernandez's employee/HR file with ISN**

The defense's attempts to obtain this file from ISN and DHS have been unsuccessful.  On January 31, 2025, the defense asked the Government to produce it in discovery.  The government responded that they requested the file through a "GJ subpoena to DHS Acting Immigration Detention Ombudsman David Gersten."

The defense expects that Ms. Hernandez's employee file will contain information relevant to the determination of whether she had C-S-D authority over the immigration detainees she interacted with in her role as IDCM (e.g., application materials describing the IDCM position, training materials, etc.).

If the government cannot produce this information, they should produce DHS Acting Immigration Detention Ombudsman David Gersten to explain the delay in producing the file.

**2. All complaints/grievances (and supporting documents) filed by detainees over which Ms. Hernandez had jurisdiction to respond during her time working at OMDC**

In response to the defense's request for this information, the government stated that they previously requested the materials through a "GJ subpoena to DHS Acting Immigration Detention Ombudsman David Gersten."

The Defense believes the requested information will show, e.g., what Ms. Hernandez did as an ICDM at OMDC, how often she did it and with whom. Knowing what Ms. Hernandez did while an IDCM is an important factor in assessing whether she possessed C-S-D authority over the immigration detainees she assisted.

If the government cannot produce this information, they should produce DHS Acting Immigration Detention Ombudsman David Gersten to explain their delay in producing the file.

**3. IKN's entire Detention File maintained by OMDC (including all complaints/grievances he submitted to OIDO regarding conditions of confinement)**

On March 24, 2025, the government informed the defense that it plans to produce these records pursuant to the defense's request and the motion for a protective order filed later that day. The defense anticipates this request will be moot by the time of the hearing on this motion.

Nevertheless, out of an abundance of caution, the defense moves the Court to compel the above disclosure because it likely contains impeachment evidence should the government call IKN, the alleged victim, to testify. Similarly, the

defense needs to assess these records vis-à-vis its decision to subpoena/writ over IKN as one of its own witnesses at trial.

The file will show the extent of IKN's contacts with IDCMs. The frequency, purpose and details of IKN's contacts with an IDCM is relevant to the analysis of the authority that IDCMs exercised over IKN. The file will also shed light on the nature of the relationship between IKN and Ms. Hernandez.

## 4. IKN's entire California Department of Corrections and Rehabilitation ("CDCR") file

The defense requests disclosure of information related to any inappropriate sexual relationships IKN has had while in a custodial setting. The defense has reason to believe that IKN, while a CDCR inmate, incurred discipline for having an inappropriate sexual relationship with a  member of prison staff. The defense needs to investigate that allegation given its similarity to the charged conduct. Whether IKN previously engaged in inappropriate relationships with jail personnel is relevant to assessing his credibility should he tell the jury that, for example, Ms. Hernandez forced him to have sexual contact with him or he has never experienced this kind of relationship before. IKN's history of sexual relations with jail personnel is a potential ground for impeachment.

## 5. The names, job titles and contact information for all individuals with supervisory authority over Ms. Hernandez while she worked at OMDC

In response to the Defense's prior request for this information, the government responded that they are awaiting a "response from DHS OIDO" and "will pass (it) along once received."

One of the ways to determine Ms. Hernandez's authority at her job is to interview those with supervisory responsibility over her job performance. Ms. Hernandez took direction from many supervisory personnel at OMDC, and the defense wishes to interview them before trial.

If the government cannot produce this information, they should produce DHS Acting Immigration Detention Ombudsman David Gersten to explain the delay in producing it.

**6. All documentation (emails, reports, disciplinary action, etc.) relating to Ms. Hernandez's claim that she was sexually harassed by OMDC employees in February 2023 as documented in emails to Lawrence Kay (and others)**

On March 24, 2025, the government informed the defense that it plans to produce these records pursuant to the motion for a protective order filed on the same day. The defense anticipates this request will be moot by the time of the hearing on this motion.

Nevertheless, the defense seeks this information for potential impeachment of OMDC employee witnesses at trial regarding their credibility. In an email to her supervisor and fellow ICDM, Ms. Hernandez described the harassment and listed percipient witnesses. Many of them overlap with the potential witness list for this trial, e.g., Correctional Officer ("CO") Jose Gomez, whose area of responsibility included the housing unit where IKN was designated ("M" Pod) and Case Manager (F/N/U) Charles. Two other COs, (F/N/U) Brooks and (F/N/U) Moreno, are identified in the email as having teased IKN about his relationship with Ms. Hernandez.

**7. A list of all training materials provided to anyone who performed the same or similar job as Ms. Hernandez at OMDC.**

In response to the Defense's prior request for this information, the Government responded that it was "[p]reviously requested through the GJ subpoena to DHS Acting Immigration Detention Ombudsman David Gersten."

The Defense seeks this information so it may complete its investigation as to the nature of an IDCM's job responsibilities and the authority individuals in that position exercise over detainees, which is a central issue in this case.

1
2
3

  If the government cannot produce this information, they should produce DHS Acting Immigration Detention Ombudsman David Gersten to explain the reasons for non-production.

4
5
6

**8. All emails, memos, reports, etc. regarding working conditions sent to Ms. Hernandez and anyone else who performed the same or similar job as Ms. Hernandez at OMDC.  This should include directives as to what, when, where, how they were to perform their job while at OMDC.**

7
8
9
10
11

  In response to the defense's prior request for this information, the government responded that there is "[n]othing on file with CoreCivic / OMDC," and they "[p]reviously requested through the GJ subpoena to DHS Acting Immigration Detention Ombudsman David Gersten."

12
13
14
15

  Emails, memos, reports, etc. regarding what, when, where and how Ms. Hernandez was supposed to perform her job are central to the main issue in this case: whether Ms. Hernandez had C-S-D authority over the detainees she assisted such as IKN.

16
17
18

  If the government cannot produce this information, they should produce DHS Acting Immigration Detention Ombudsman David Gersten to explain the delay in producing the file.

19
20

           Respectfully submitted,

21
22
23
24
25

Date:  March 25, 2025   Signed:  *s/ Marc Levinson & Jessica Oliva*
             Attorneys for Shantal Hernandez
             Federal Defenders of San Diego
             marc_levinson@fd.org
             jessica_oliva@fd.org

26
27
28