Marc Levinson
California State Bar No. 249322
Marc_Levinson@fd.org
Jessica Oliva@fd.org
California State Bar No. 312435
jessica_oliva@fd.org
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467

Attorneys for Ms. Shantal Hernandez

United States District Court, Southern District of California
(The Honorable James E. Simmons, Jr.)

|  |  |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>     v.<br><br>Shantal Hernandez,<br><br>             Defendant. | Case No.: 3:23-cr-1821-JES<br><br>**Ms. Hernandez's Motions in Limine**<br><br>Motion hearing: May 5, 2025, at 10 a.m. |

## <u>MS. HERNANDEZ'S MOTIONS IN LININE</u>

**1.**     <u>**Ms. Hernandez's motion to exclude reference to any pregnancies under Fed. R. Evid. 104, 401 and 403**</u>

The Defense anticipates the government will move to introduce evidence about Ms. Hernandez's alleged pregnancy in March 2023. They will likely allege that Ms. Hernandez became pregnant with I.K.N.'s child. She moves to exclude this evidence as irrelevant, prejudicial, and cumulative under the Federal Rules of Evidence.

The government must prove that Ms. Hernandez knowingly engaged in a sexual act with I.K.N. In its response to Ms. Hernandez's supplemental discovery motion, they identified some of the evidence they expect to rely on to satisfy this element, e.g.:

- "Fifty-four OMDC-recorded phone calls between I.K.N. and a phone

number belonging to HERNANDEZ reveal[ing] an ongoing sexual relationship." Those recorded phone calls reference, e.g.:
- o Stored video of their sexual contact; and
- o Sexually explicit discussions referencing their alleged sexual contact (including their intercourse "on at least 13 occasions").

- A cellphone video where Ms. Hernandez "can be seen performing fellatio on I.K.N."

- Eyewitness accounts of the "suspicious relationship" between Ms. Hernandez and I.K.N. at OMDC, e.g.: reports of Ms. Hernandez spending "an unusual amount of time" with I.K.N.; Ms. Hernandez coming out of closed-door meetings with I.K.N. "while tugging on her clothing and re-adjusting her attire, such as pulling her dress down and fixing her hair;" and Ms. Hernandez and I.K.N. hiding from plain view during closed-door meetings; and

- Text messages between Ms. Hernandez and I.K.N. of an "explicit sexual nature, to include a message advising him she is watching a video recording of when she gave him oral sex."

Response in Opposition, ECF No. 90, 2-4.

In its response to Ms. Hernandez's supplemental discovery motion, the government referenced communications between Ms. Hernandez and I.K.N. discussing raising children and pregnancy tests, including a positive pregnancy test. ECF No. 90, 2-3. This evidence is both irrelevant and prejudicial, and therefore, should be excluded under the Federal Rules of Evidence. First, under Fed. R. Evid. 401, to establish relevance, the government must demonstrate that evidence has "any tendency to make a fact more or less probable than it would be *without the evidence.*" Fed. R. Evid. 401(a) (emphasis added). Under Fed. R. Evid. 104(b) ("Relevance That Depends on a Fact"), when the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. Assuming Ms. Hernandez was pregnant, the relevancy of her pregnancy to either count is conditioned on I.K.N. being the

child's father.

Second, if admitted, this evidence is both prejudicial and cumulative under Federal Rule of Evidence 403.  If a jury were to hear evidence that Ms. Hernandez became pregnant with I.K.N.'s child, they will naturally wonder what happened to their child (miscarriage, put up for adoption, terminated pregnancy, etc.).  If the jury has unanswered questions in this regard, any probative value of her pregnancy is substantially outweighed by the danger of unfair prejudice.  Based on the volume of evidence regarding sexual contact that the government intends to introduce (as outlined above), evidence of Ms. Hernandez becoming pregnant is also needlessly cumulative.

## 2.    Ms. Hernandez's motion to exclude unnoticed expert testimony

If the government intends to call witnesses to provide technical or specialized testimony to aid the trier of fact, they must comply with the notice requirements set out in Federal Rule of Criminal Procedure 16(a)(1)(G).  To date, the defense has not received any such notice.  This Court's deadline for such disclosures is set for April 20, 2025.

## 3.    Ms. Hernandez's motion to exclude unnoticed Fed. R. Evid. 404(b) evidence

Federal Rule of Evidence 404(b) requires that the government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce.  Fed. R. Evid. 404(b).  The notice requirement is triggered when timely requested by the defendant.  *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999).  The government carries the burden of showing how any other acts evidence is relevant to one or more issues in the case.  Thus, "it must articulate precisely *the evidential hypothesis* by which a fact of consequence may be inferred from the other acts evidence."  *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (*citing United States v. Hernandez-Miranda*, 601 F.2d

1104, 1108 (9th Cir. 1979)) (emphasis added); *accord United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993). It is not sufficient to state merely that the other act will be offered for one of the enumerated purposes. Instead, the government must state precisely how the fact of consequence may be inferred from the other acts evidence.

Here, Ms. Hernandez timely requested notice of any proposed Rule 404(b) evidence in her discovery requests to the government, including a motion to compel filed on October 11, 2023. To date, the government has not provided any notice under Rule 404(b). As such, Ms. Hernandez moves to exclude any unnoticed Rule 404(b) evidence.

**4.** **Ms. Hernandez's motion to exclude witnesses from the courtroom except for the defense's investigator and the government's case agent**

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. An exception to this rule exists for "a person whose presence a party shows to be essential to presenting the party's claim or defense." *Id*. The defense's investigator, Aaron Rodebaugh, has been critical in moving the defense's investigation forward to this point. The defense considers him an integral part of the trial team. The defense presumes the same about the government's case agent. Therefore, the defense requests that all testifying witnesses except for them be excluded during trial pursuant to Fed. R. Evid. 615.

Respectfully submitted,

Date: April 14, 2025    Signed: *s/ Marc Levinson & Jessica Oliva*
Attorneys for Shantal Hernandez
Federal Defenders of San Diego
marc_levinson@fd.org
jessica_oliva@fd.org