ADAM GORDON
United States Attorney
SEAN VAN DEMARK
Assistant U.S. Attorney
Hawaii Bar No. 10288
ANDREW SHERWOOD
Assistant U.S. Attorney
California Bar No. 342419
New York Bar No. 4518106
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7657/9690
Email: Sean.Van.Demark@usdoj.gov/andrew.sherwood@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23cr1821-JES |
|---|---|
| v. | PLEA AGREEMENT |
| SHANTAL HERNANDEZ, | |
| Defendant. | |

It Is Hereby Agreed Between the United States of America, Through Its Counsel, Adam Gordon, United States Attorney, and Sean Van Demark and Andrew Sherwood, Assistant United States Attorneys, and Defendant SHANTAL HERNANDEZ, with the advice and consent of Marc Levinson and Jessica Oliva, counsel for Defendant, as follows:

I

**THE PLEA**

Defendant agrees to plead guilty to Count 1 of the Superseding Information charging Defendant with Providing or Possessing Contraband in Prison, in violation of Title 18, United States Code, Section 1791(a)(1), a misdemeanor.

Defendant further agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case.

The Government agrees to (1) move to dismiss the remaining counts on the underlying Information without prejudice when defendant is sentenced, and (2) not prosecute defendant thereafter on such dismissed charges unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

## II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

Defendant understands that the offense to which Defendant is pleading guilty in **Count 1** has the following elements:

1. I.K.N. was an inmate at a federal detention center;
2. The defendant provided I.K.N. a prohibited object ; and
3. Providing I.K.N. a prohibited object violated a statute or a rule or order issued under a statute.

B.  ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

### Count 1

1. On or about March 8, 2023, I.K.N. was an inmate at the Otay Mesa Detention Center;
2. The Otay Mesa Detention Center is a federal detention center within the territorial jurisdiction of the United States;
3. On or about March 8, 2023, SHANTAL HERNANDEZ ("Defendant"), while in the Otay Mesa Detention Center, provided to I.K.N. an article of clothing;

4. Providing I.K.N. the article of clothing violated a statute or a rule or order issued under a statute.

## III

## PENALTIES

The crime to which Defendant is pleading guilty in **Count 1** carries the following penalties:

A.  a maximum of 6 months in prison;

B.  a maximum $5,000 fine;

C.  a mandatory special assessment of $10 per count; and

D.  a term of supervised release of up to one year. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.  Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a

professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands that the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Additionally, the parties agree that, because the offense to which defendant is pleading guilty is a Class B misdemeanor, the United States Sentencing Guidelines do not apply.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what

Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

The United States Sentencing Guidelines do not apply to a Class B Misdemeanor.

B.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in this "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

Pursuant to the § 3553(a) factors, the United States will recommend that defendant be sentenced to a term of 15 days in jail and one year of supervised release.

G.   SPECIAL ASSESSMENT/FINE/FORFEITURE

1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $10.00 per count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.   Fine

The parties have **no** agreement as to a fine and the Government may recommend that Defendant pay a monetary fine to be paid forthwith at the time of sentencing. The

Government may also recommend an additional fine to cover the cost of imprisonment, supervised release or probation, pursuant to 18 U.S.C. § 3572(a)(6).

H.  **SUPERVISED RELEASE**

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

If at any time defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this plea agreement, said violation shall be a material breach of this agreement as further defined below.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii)

any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//

## XV

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ADAM GORDAN
United States Attorney

5/8/25
DATED

SEAN VAN DEMARK
ANDREW SHERWOOD
Assistant U.S. Attorneys

5/8/25
DATED

MARC LEVINSON
JESSICA OLIVA
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.

5/8/25
DATED

SHANTAL HERNANDEZ
Defendant